# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LEROY HOUCHIN, II, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:15-CV-284-JVB |
| STATE OF INDIANA, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Leroy Houchin, II, a *pro se* prisoner, filed a complaint seeking $1,500,000 from the State of Indiana for incarcerating him on a conviction that should have been dismissed because the evidence used against him was based on a warrantless search of his house. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Eleventh Amendment generally precludes a citizen from suing a state or one of its agencies or departments in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits against state officials seeking prospective equitable relief for ongoing violations of federal law are not barred by the Eleventh Amendment; (2) individuals may sue a state directly if Congress has abrogated the state's immunity from suit; and (3) individuals may sue the state if the state waived its sovereign

immunity and consented to suit in federal court. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999).

None of these exceptions to Eleventh Amendment immunity apply in this case. First, Houchin is not suing a state official and is not seeking injunctive relief. Second, State immunity was not abrogated by the enactment of Section 1983. *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). Third, Indiana has not consented to this lawsuit. Therefore this case must be dismissed because the State of Indiana is immune from suit.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here. Houchin cannot amend to name either his State court trial judge nor the prosecuting attorney for not dismissing his criminal case because they have absolute immunity. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978), and *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Neither can he amend to seek injunctive relief to overturn his criminal conviction because "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Nor can he amend to name the police officer whom he alleges illegally searched his house because he is already suing that officer in a separate lawsuit. *See Houchin v. Kosc. County*, 3:15-cv-30 (N.D. Ind. filed January 21, 2015).

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** on July 10, 2015.

                                                  S/ Joseph S. Van Bokkelen
                                            JOSEPH S. VAN BOKKELEN
                                            UNITED STATES DISTRICT JUDGE